IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Charles Nemon Vandross, | ) | Civil Action No. 1:17-2484-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Bryan Stirling, Commissioner, | ) | |
| South Carolina Department of | ) | |
| Corrections, and Broad River | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Respondent's motion for summary judgment be granted. For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Respondent's motion for summary judgment.

I.  **Background**

Petitioner Charles Nemon Vandross, an inmate at the Perry Correctional Institute of the South Carolina Department of Corrections, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In December 2004, Petitioner was indicted by a South Carolina grand jury for first degree burglary, murder, kidnapping and possession of a firearm during the commission of a violent crime. Petitioner was alleged to have, on November 1, 2004, broken into the home of his ex-girlfriend, Ms. Wilson, kidnapped her and killed her friend, Mr. Best. Petitioner's first and second trials resulted in a hung jury. At the third jury trial, he was found guilty and sentenced to life in prison for the murder and burglary convictions, thirty concurrent years for the kidnapping conviction, and five consecutive years for the unlawful firearm possession conviction.

Petitioner appealed his convictions and sentence to the South Carolina Court of Appeals, and the appeal was dismissed. Petitioner applied for post-conviction relief and was denied. Petitioner filed a Rule 15(b) and (c) motion and a motion for remand or for leave to file a successive post-conviction relief application, which was denied by the South Carolina Supreme Court.

Petitioner then filed the federal petition for a writ of habeas corpus asserting three grounds: (1) Petitioner received ineffective assistance of trial counsel when the counsel did not obtain expert witness funding for his indigent client (Dkt. No. 1 at 24-30); (2) Petitioner received ineffective assistance of trial counsel when the counsel did not object to a certain jury strike (*Id.* at 30-33); and (3) the trial judge's evidentiary ruling precluding testimony on Ms. Wilson's relationship with Mr. Best constituted reversible error (*Id.* at 33-35).

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Where the petitioner objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where the petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and

recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.     Certificate of Appealability**

28 U.S.C. § 2253 provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

**III.    Discussion**

Petitioner makes two objections to the R & R. To Ground One, Petitioner objects that the R & R incorrectly finds Mr. Morrison's affidavit failed to provide substantive testimony that would have challenged the evidence because, in part, the R & R does not consider the extent to which the state prosecution relied on forensic experts. (Dkt. No. 27 at 1-2.) To Ground Three, Petitioner objects that the R & R incorrectly concludes Petitioner failed to present sufficient evidence to show the trial judge's refusal to allow evidence concerning Ms. Wilson and Mr. Best's relationship was unreasonable or contrary to federal law, because "Petitioner disagrees . . . and believes that the trial court's rejection of this evidence violated Petitioner's right to present a defense." (Dkt. No. 27 at 2-3.)

The Court finds that the Magistrate Judge ably addressed the issues raised by Petitioner and correctly concluded that Respondent is entitled to summary judgment. Regarding Ground

One for federal habeas relief, Petitioner claims his trial counsel's non-strategic decision not to obtain indigent status funding of expert witnesses to opine on the handprint found on Ms. Wilson's shirt and ballistics constitutes ineffective assistance of counsel because his experts could have undercut the prosecution's forensic testimony. The Magistrate Judge correctly found that the state court appropriately applied federal law by finding that Petitioner did not demonstrate the *Strickland* standard of ineffective assistance of counsel, because Petitioner did not offer evidence, including via Mr. Morrison's affidavit, of what a defensive forensic expert would have testified to and how that could have altered the trial. Similarly, the Magistrate Judge appropriately found that Petitioner is procedurally barred from bringing Ground Two for relief because he did not argue below that his counsel's failure to object to a juror strike constituted ineffective assistance. Likewise, Petitioner did not demonstrate the trial judge's evidentiary ruling was reversible error because the testimony excluded did not go to show that Ms. Wilson could have been motivated to kill Mr. Best, in any event.

A Certificate of Appealability is not warranted. Reasonable jurists would not find it debatable that Petitioner did not make a substantial showing that his constitutional rights were denied.

### IV.  Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 26) is **ADOPTED**. Respondent's motion for summary judgment (Dkt. No. 19) is **GRANTED** and a Certificate of Appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

July 20, 2018
Charleston, South Carolina